UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMES F. SCHULTZ,

                            Plaintiff,

  -against-                                     9:02-CV-141
                                                   (LEK/DRH)

ELAINE EGAN, Deputy Sheriff; and
ROY SHIPMAN, Corrections Counselor,

                            Defendants.

## MEMORANDUM-DECISION AND ORDER[1]

### I. Background

On July 21, 2004, following a Mandate from the United States Court of Appeals for the Second Circuit, this Court issued a Memorandum-Decision and Order directing, *inter alia*, the following:

> ORDERED that Schultz is given **60 DAYS** to inform the Clerk of his current address; and it is further
>
> ORDERED that Schultz has **60 DAYS** from the date of this Order to amend his complaint to clarify whether his suit is brought against defendants Shipman and Egan in their individual capacities, official capacities, or both; ...

Mem.-Dec. & Order (Dkt. No. 27) at 4-5 (emphasis in document).

The Memorandum-Decision and Order was mailed to Plaintiff Schultz ("Plaintiff") at his last known address:

---

[1] For printed publication by the Federal Reporters.

1

>James F. Schultz, Jr.  00-B-0818
>Attica Correctional Facility
>Box 149
>Attica, NY 14011-0149

But, the material was returned to the Court as undeliverable, with the envelope marked "R.T.S. Discharged 10-16-03".  Dkt. No. 28.[2]

Plaintiff has not provided the Court with an updated address, and has not filed an amended Complaint.

## II.  Discussion

United States Courts are vested with broad discretion to impose sanctions for non-compliance with court orders, and those sanctions can include the severe sanction of dismissing a case.  See Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC, No. 01 Civ. 6600(RLC), 2005 WL 3370542, at *1 (S.D.N.Y. Dec. 12, 2005) ("Moreover, the court has the inherent authority to dismiss a case when a party disobeys any of its orders.") (citing Chambers v. Nasco, Inc., 501 U.S. 32, 45 (1991)).  Although Southridge addressed discovery orders, there is no difference for non-compliance with any other court order.  See Dumpson v. Goord, No. 00-CV-6039 CJS, 2004 WL 1638183 (W.D.N.Y. Jul. 22, 2004) (Court ordered one of plaintiffs to provide address where he could be reached; plaintiff failed to comply; plaintiff was dismissed from the case).  Furthermore, the Second Circuit has held that "it is unquestioned that [Federal Rule of Civil Procedure] 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute".  LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (Calabresi, J.) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)).  Rule 41(b) addresses not only Plaintiff's failure to

---

[2] Note that mail sent to Plaintiff was also returned as undeliverable in October 2003 - docketed on October 27, 2003.  Dkt. No. 26.

prosecute, but also Plaintiff's "failure...to comply with these rules or any order of court".  FED. R. CIV. P. 41(b).  See also Dumpson, 2004 WL 1638183, at *2 ("In accordance with Fed R. Civ. P. 42(b), a court may *sua sponte* dismiss a plaintiff's action for failure to comply with an order of the court.... Such decisions are committed to the Court's sound discretion.... *Pro se* plaintiffs are entitled to a degree of leniency, but this 'should not extend to the disregard of a judge's plain directives.'") (citing, *inter alia*, Costello v. United States, 365 U.S. 265, 286-87 (1961); Lucas v. Miles, 84 F.3d 532, 538 (2d Cir. 1996)).

Both attorneys and *pro se* litigants are required to immediately notify the Court and their adversaries of any change in their address or contact information.  See Northern District Local Rule 10.1(b)(2).  "Failure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action."  Northern District Local Rule 41.2(b).  "The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit."  Dumpson, 2004 WL 1638183, at *3.

The Second Circuit in LeSane held that:

> *pro se* plaintiffs should be granted special leniency regarding procedural matters.... Finally, "this court has repeatedly detailed factors... to be considered before dismissal for failure to comply with a court order," and these factors significantly cabin a district court's discretion under Rule 41(b), so that "deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme."... Specifically, a district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions."

LeSane, 239 F.3d at 209 (citing and quoting Lucas, 84 F.3d at 535; Alvarez v. Simmons Mkt.

Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)).

This Court has evaluated the factors as set forth by the Second Circuit. Plaintiff's inaction and failure to prosecute has spanned several years. Plaintiff has clearly failed to comply with an Order of this Court as to amending his complaint, and has clearly failed to comply with an Order of this Court and with Local Rule 10.1(b)(2) in failing to update his address. Plaintiff's own failure to update his address has frustrated this Court's ability to contact him. See, generally, Dumpson, 2004 WL 1638183, at *3 ("Nor can [Plaintiff] be spared dismissal on the ground that he did not actually receive the Court's order... since he himself was responsible for the Court's inability to notify him....") (citing Mathews v. U.S. Shoe Corp., 176 F.R.D. 442, 445 (W.D.N.Y. 1997)). The Court finds that it would be futile to make any further attempts to contact Plaintiff. See, generally, Bottom v. Cooper, No. 03-CV-6493L, 2005 WL 2496052 (W.D.N.Y. Oct. 7, 2005) (concerning similar facts). The Cooper Court held:

> Plaintiff has taken no steps to prosecute this case in nearly a year. The Court's attempt to warn plaintiff that this action was subject to dismissal has been thwarted by plaintiff's own failure to keep the Court apprised of his address as required by the local rules. In light of plaintiff's apparent lack of interest in continuing to pursue this action, I see no reason to require defendants to continue to expend any further time or effort in this case. Plaintiff himself has effectively ceased to seek his day in court, and since the Court has been unable to locate plaintiff, no lesser sanction would be effective, since plaintiff would be unaware that any sanction had been imposed.

Cooper, 2005 WL 2496052, at *1.

Given the law and factors discussed above, Plaintiff's failures in this matter warrant the imposition of the sanction of dismissal.

### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiff's Complaint is **DISMISSED** for failure to inform the Court of a currently valid address (pursuant to Local Rules 10.1(b)(2) and 41.2(b)), for non-compliance with this Court's July 21, 2004 Memorandum-Decision and Order, and for failure to prosecute; and it is further

**ORDERED**, that the Clerk of the Court **CLOSE Case Number 9:02-CV-141 (LEK/DRH)**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED**.

DATED: January 11, 2006
       Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge